ROBERT G. LOEWY (SBN 179868)
rloewy@rloewy.com
LAW OFFICES OF ROBERT G. LOEWY, P.C.
20 Enterprise, Suite 310
Aliso Viejo, California 92656
Phone: (949) 442-7103; Fax: (949) 242-5105

Attorneys for Defendant
World of Jeans & Tops dba Tillys

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>        Plaintiff,<br><br>v.<br><br>WORLD OF JEANS & TOPS, a California Corporation,<br><br>        Defendant. | CASE NO. 2:21-cv-03513-JAK-SK<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND CLAIM FOR RELIEF (UNRUH ACT) FOR LACK OF SUPPLEMENTAL JURISIDICTION**<br><br>Date:      September 27, 2021<br>Time:     8:30 A.M.<br>Ctrm:     10B, First Street Courthouse<br><br>Action Filed:   April 26, 2021<br>Trial Date:    Not Set |

## I. PRELIMINARY STATEMENT.

This case is yet another ADA filing by professional-plaintiff Brian Whitaker, and his law firm of choice, Potter Handy. Mr. Whitaker alleges that the 3rd Street Prominade location of Tillys is inaccessible because, allegedly, the major pathways are not all 36 inches wide. Setting aside the fact that Plaintiff seeks to impose an accessibility requirement on Tillys that is not mandated by the ADA, his Complaint suffers from a more significant defect: He is attempting to avoid California's pleading restrictions on high-frequency litigants. As this Court is aware, Mr. Whitaker is one of the most prolific litigants in the Central District, having filed over 370 ADA cases in California federal courts in 2021 (with 150 of those cases being filed in just the past three weeks). This Court should not encourage such abusive tactics. Rather, this Court should decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim and, instead, dismiss that claim without prejudice.

## II. THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISIDICTION OVER THE STATE LAW UNRUH ACT CLAIM.

This Court has already thoroughly analyzed the supplemental jurisdiction issue in another Potter Handy lawsuit, *Duarte v. Flores*, Case No. LA CV18-00484 JAK (PJW), 2020 U.S. Dist. LEXIS 131963, **16-23 (May 28, 2020). Because the facts of this case largely mirror *Duarte* (down to identically pled jurisdictional allegations), Tillys repeats verbatim this Court's analysis of the supplemental jurisdiction issue from *Duarte*:

> District courts may exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). This "is a doctrine of discretion, not of plaintiffs right." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218(1966). "In order to decide whether to exercise jurisdiction over pendent state law

claims, a district court should 'consider. . . at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 715 (9th Cir.1990) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S.343, 350, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988)).

Courts have discretion to decline to exercise supplemental jurisdiction where "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). Where jurisdiction is declined because of "exceptional circumstances," the court must "articulate why the circumstances of the case are exceptional in addition to inquiring whether the balance of the *Gibbs* values [i.e., 'economy, convenience, fairness, and comity'] provide compelling reasons for declining jurisdiction in such circumstances." *Exec. Software N. Am., Inc. v. U.S. Dist. Court*, 24 F.3d 1545, 1558 (9th Cir. 1994), *overruled on other grounds by Cal. Dep't of Water Res. v. Powerex Corp.*, 533F.3d 1087 (9th Cir. 2008).

The Unruh Act provides that "[a]ll persons . . . are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51 (b). It also states that"[a] violation of the right of any individual under the Americans with Disabilities Act of 1990 . . . shall also constitute a violation of this section." Id. § 51 (f). Under the Unruh Act, actual damages -- "in no case less than four thousand dollars" -- are recoverable. *Id*. § 52(a).

The Complaint alleges that there is supplemental jurisdiction over Plaintiff's "attendant and related" Unruh Act claim, because that alleged violation arises "from the same nucleus of operative facts" as the ADA claim. Id. ¶ 6."[1]

In 2012, in an attempt to deter baseless claims and vexatious litigation, California adopted heightened pleading requirements for disability discrimination lawsuits under the Unruh Act." *Garibay v. Rodriguez*, No. CV 18-9187-PA (AFMx), 2019 U.S. Dist. LEXIS 180528, 2019 WL 5204294 (CD. Cal. Aug. 27, 2019), at *1 (*quoting Velez v. Il Fornaio (Am.) Corp.*, CV 3:18-1840-CAB (MDD), 2018 U.S. Dist. LEXIS 208095, 2018 WL 6446169, at *6 (S.D. Cal. Dec. 10,2018)); *see* Cal. Civ. Proc. Code § 425.50. Additionally, California imposed a "high-frequency litigant fee" of $1000 on plaintiffs who have "filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation," as well as on attorneys who represent more than ten such plaintiffs "in actions that were resolved within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation," excluding certain types of actions. Cal. Civ. Proc. Code § 425.55(b)(1)-(2). These requirements were designed to address the "very small number of plaintiffs [who] have filed a disproportionately large number of the construction-related accessibility claims in the state . . . . seeking quick cash settlements rather than correction of the accessibility violation." *Id*. § 425.55(a)(2).

---

[1] The quoted jurisdictional allegation in *Duarte* is repeated verbatim in Plaintiff's Complaint in this action (same paragraph number, too). (Compl., ROA #1, ¶6.)

"By enacting restrictions on the filing of construction-related accessibility claims, California has expressed a desire to limit the financial burdens California's businesses may face for claims for damages under the Unruh Act and other state law theories." *Garibay*, 2019 U.S. Dist. LEXIS 180528, 2019 WL 5204294, at *4. When such actions are brought in an action filed in a federal court, California's "heightened pleading standards and increased filing fees do not apply." *Id*. *Garibay* concluded that, when plaintiffs who file many similar ADA actions seek to use supplemental jurisdiction as the basis for including an Unruh Act claim, they have "evaded these limits and sought a forum . . . [to] claim these state law damages in a manner inconsistent with the state law's requirements." *Id*.

Because "California's elected representatives, not this Court have enacted laws restricting construction-related accessibility claims, and, as a result, dictated that these claims be treated differently than other actions," other district courts in California have declined to provide "an escape hatch" from the state's statutes, on the grounds that to do so would be "an affront to the comity between federal and state courts." *Garibay*, 2019 U.S. Dist. LEXIS 180528, [WL] at *4-5 ("Declining to exercise supplemental jurisdiction over plaintiff's Unruh Act and any other construction-related accessibility claim in these circumstances supports the values of judicial economy, convenience, fairness, and comity."); *see also, e.g., Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1031 (S.D. Cal. 2017) ("Plaintiff is engaging in forum-shopping by bringing his action in federal court and attempting to avoid California's heightened pleading requirements for disability discrimination claims. . . . Federal courts may properly take measures to discourage forum-shopping, and here . . . the Court finds this to be a compelling reason to decline supplemental

jurisdiction.") (internal citation omitted); *Whitaker v. Mac*, 411 F. Supp. 3d 1108, 1116 (CD. Cal. 2019) ("Declining to exercise supplemental jurisdiction over [an] Unruh Act claim in these circumstances supports the values of judicial economy, convenience, fairness, and comity."); *Love v. Lee*, No. CV 18-599-RSWL (SHKx), 2019 U.S. Dist. LEXIS 229029, 2019 WL 8168058, at *3-4 (C.D. Cal. Dec. 12, 2019); *Holland v. Ho*, No. 19-CV-1698-JLS, Dkt. 14 at 3-4 (C.D. Cal. Dec. 3, 2019). *But see White v. Wisco Restaurants, Inc.*, No. 17CV103-L(JMA), 2018 U.S. Dist. LEXIS 50994, 2018WL 1510611, at *4 (S.D. Cal. Mar. 27, 2018) (concluding in an ADA action that a plaintiff's selection of the forum of her choosing was "not an unusual circumstance," and that "dismissing state law claims would not accommodate any of those [*Gibbs*] values").

A review of the docket in this District shows that Plaintiff filed ten complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current Complaint. *See* No. CV 17-1287-CJC; No. CV 17-5549-R; No. CV 17-5592-SJO; No. CV 17-9250-RSWL; No. CV 17-9275-AB;No. CV 18-31-DSF; No. CV 18-72-DSF; No. CV 18-265-FMO; No. CV 18-76-JVS; No. CV 18-436-DDP. In the Superior Court, he would be deemed a high-frequency litigant.[2]

California's recent legislative enactments confirm that the state has a substantial interest in this case." *Whitaker v. LaConq*, No. CV 19-7404-CJC, Dkt. 11 at 4 (CD. Cal. Sept. 20, 2019). The California legislature has determined that high-frequency litigation of the type presented here "unfairly taints the reputation of other innocent disabled consumers who are merely trying to go about their daily lives accessing public

---

[2] As noted in the Preliminary Statement, Plaintiff Whitaker has filed over 370 cases in California federal courts since January 1, 2021, far exceeding the ten-filing limit under California law.

- 5 -
DEFENDANT'S MEMO P'S & A'S ISO MOTION TO DISMISS UNRUH CLAIM

accommodations as they are entitled to have full and equal access under the state's Unruh Civil Rights Act." Cal. Civ. Proc. Code § 425.55(a)(2). "Although . . . it would be more convenient and efficient for the ADA claim and the state law claim based on the same ADA violations to be litigated in one suit . . . these issues are not so dire to overcome California's strong interest in interpreting and enforcing its own rules without federal courts serving as a convenient end-around for creative litigants.'" *Arroyo v. A&G Interpirses, LLC* [sic], No. CV 18-6338-PSG (GJSx), 2019 U.S. Dist. LEXIS 216305, 2019 WL 6792796, at *6 (C.D. Cal. Aug. 20, 2019) (quoting *Schutza v. Alessio Leasing, Inc.*, No. CV 18-2154-LAB, 2019 U.S. Dist. LEXIS 60152, 2019 WL 1546950, at *4 (S.D. Cal. Apr. 8, 2019)).

Furthermore, the Clerk's Office for the Central District has determined that, since the change in the requirements for filing of actions like this one in a Superior Court through mid-2019, ADA cases increased from 3% to 24% of the civil filings in this District. *La Conq*, No. CV 19-7404, Dkt. 11 at 6; see also Arroyo, 2019 WL 6792796, at *6 ("The number and percentage of such cases filed in the Central District have increased each year since California enacted the limitations on high-frequency litigants."). "The only explanation for the phenomenon is the strategic evasion of California's new reforms." *La Conq*, No. CV 19-7404, Dkt. 11 at 6.

In light of the findings by the California legislature, the determination in *La Conq* and other similar decisions that supplemental jurisdiction should be declined "primarily based on comity" is persuasive. *Id*. at 4. Where a plaintiff's "gamesmanship significantly undermines California's efforts to reform Unruh Act litigation. . . . whatever inefficiencies may arise from [p]laintiff litigating his claims in two

> separate forums are slight in comparison to California's weighty interest in ensuring its laws are not circumvented." Id. at 6-7. Thus, a consideration and balancing of the Gibbs *factors* weighs in favor of declining jurisdiction. Moreover "[t]his situation, and the burden the ever-increasing number of such cases poses to the federal courts, presents 'exceptional circumstances'" which also warrant a decision not to exercise supplemental jurisdiction. *Garibay*, 2019 U.S. Dist. LEXIS 180528, 2019 WL 5204294, at *4. Plaintiff can seek appropriate remedies through litigation in a Superior Court.
>
> For the foregoing reasons, the Court declines to exercise supplemental jurisdiction and dismisses the Unruh Act claim without Plaintiff's refiling of the claim in an appropriate Superior Court.

*Duarte*, 2020 U.S. Dist. LEXIS 131963 at **16-23.

### III. CONCLUSION.

Just as this Court found in *Duarte*, it should likewise conclude that the Plaintiff in this case is abusing California law by seeking to litigate his Unruh Act claims in federal court. Tillys respectfully requests that the Court grant this Motion, decline to exercise supplemental jurisdiction, and dismiss without prejudice Plaintiff's Second Claim for Relief for alleged violations of California's Unruh Act.

Dated: May 21, 2021  LAW OFFICES OF ROBERT G. LOEWY, P.C.

By: /s/ Robert G. Loewy
Robert G. Loewy
Attorneys for Defendant World of Jeans & Tops dba Tillys

# CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury that, on May 21, 2021, he utilized the Court's CM/ECF system to electronically serve all counsel of record in this action with the below described document:

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND CLAIM FOR RELIEF (UNRUH ACT) FOR LACK OF SUPPLEMENTAL JURISIDICTION**

Dated: May 21, 2021           */s/ Robert G. Loewy*
                              Robert G. Loewy